CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 04 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DONOHUE, | ) | CASE NO. 7:16CV00155 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, asserting that Operating Procedure ("OP") 830.A, used to classify inmates at Wallens Ridge State Prison and Red Onion State Prison, is unconstitutional as applied to him. He also alleges that Lt. Gilbert used excessive force against him on January 26, 2016, by spraying three cans of mace into Donohue's cell, trying to kill him in retaliation for filing a grievance. Because Donohue has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, however, the court finds that Donohue does not qualify for in forma pauperis, based on his prior civil actions dismissed as frivolous. See 28 U.S.C. § 1915(g). Therefore, the court must summarily dismiss the action without prejudice.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to

state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Donohue has brought such actions or appeals on three or more prior occasions. See Donohue v. Hinkle, Case No. 7:14-cv-00138 (W.D. Va. April 29, 2014) (dism'd as frivolous under § 1915A(B)(1)); Donohue v. Still, Case No. 7:14-cv-00151 (W.D. Va. April 29, 2014) (dism'd as frivolous under § 1915A(b)(1), affirmed for reasons stated in the district court, No. 14-6915, (4th Cir. Aug. 26, 2014)); Donohue v. Collins, Civil Action No. 7:14-cv-157 (W.D. Va. 2014) (dism'd as frivolous under §1915A(b)(1)). Accordingly, Donohue may proceed in forma pauperis (without prepayment of the filing fee) only if he shows that he faces imminent danger of serious physical injury related to his current claims. § 1915(g).

Donohue's conclusory allegations about classification policies and a past incident involving mace do not indicate that he was in imminent danger of physical harm when he mailed this complaint to the court in late March 2016. Because Donohue has at least three "strikes" under § 1915(g) and has not demonstrated imminent danger of physical harm related to his claims, the court denies Donohue the opportunity to proceed in forma pauperis and dismisses the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4th day of April, 2016.

*/s/ Glen Conrad*
Chief United States District Judge